UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. Mark Coulson
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4953
Fax (410) 962-2985

December 22, 2014

LETTER TO COUNSEL

    RE:    *James Henry Wright v. Commissioner, Social Security Administration*;
                   Civil No. JMC-13-CV-3839

Dear Counsel:

On December 20, 2013, Plaintiff James Henry Wright ("Mr. Wright") petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment and Plaintiff's reply memorandum. (ECF Nos. 18, 20 & 21). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's Motion and deny Plaintiff's Motion. This letter explains my rationale.

Mr. Wright filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on November 27, 2009. (Tr. 129-137). He alleged a disability onset date of October 27, 2009. (Tr. 129, 133). His claims were denied initially and on reconsideration. (Tr. 61-67). A hearing was held on May 11, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 32). Following the hearing, the ALJ determined that Mr. Wright was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr.13-26). The Appeals Council denied Mr. Wright's request for review, (Tr.1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Wright suffered from the severe impairments of thrombotic thrombocytopenic purpura (Moschowitz Syndrome); multiple sclerosis; diabetes; obesity; and depression. (Tr. 15). Despite these impairments, the ALJ determined that Mr. Wright retained the residual functional capacity ("RFC") to:

> Perform sedentary work as defined in 20 CFR 404.1567(a) and 416.67(a) except occasional use of ramps and climbing stairs, but never climbing ladders, ropes or scaffolds; occasional balancing, stopping, kneeling, crouching, and crawling; frequent, but not constant handling and fingering with his bilateral upper extremities; avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation; avoid hazards, including moving machinery and unprotected heights; is limited to simple routine, and repetitive tasks; and requires a low stress job

  defined as having only occasional decision making and occasional changes in the work setting.

(Tr. 18).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Wright could perform jobs existing in significant numbers in the national economy (such as security guard, order clerk, or inspector) and that therefore he was not disabled.  (Tr. 25).

  Mr. Wright raises two arguments on appeal.  First, Mr. Wright argues that at the third step of the sequential evaluation process the ALJ failed to analyze listing 11.09 (multiple sclerosis) with any specificity and further failed to explain her reasoning as to why he did not meet that listing.  (ECF No. 18 at 7).  Second, Mr. Wright argues that the ALJ's residual functional capacity ("RFC") is not supported by substantial evidence because it included "occasional balancing" which directly conflicts with the State Agency's medical consultant Dr. Albright's opinion that he should be limited to "no balancing."  (*Id.* at 15).  Each argument lacks merit and is addressed below.

  With respect to Mr. Wright's argument regarding the ALJ's conclusion that he did not meet listing 11.09, he emphasizes that she should have compared each of his symptoms to the listed criteria at the third step of the sequential evaluation.  (*Id.* at 7).  Mr. Wright is correct in noting that at that section of her written opinion, the ALJ does not discuss the basis for finding that Mr. Wright does not meet the listing; rather she simply states that "[w]ith regard to the claimant's multiple sclerosis, inconsideration of listings 11.09 revealed the evidence does not establish the requisite severity of disorganization of motor function, visual or mental impairment or fatigue required".  (Tr. 16).  However, as Defendant argues, the ALJ's analysis throughout the body of her decision is much more thorough.  (ECF No. 20-1 at 10).  In particular, the ALJ's written evaluation of Mr. Wright's RFC demonstrates that she appropriately assessed Mr. Wright's symptoms and that her finding that Mr. Wright's multiple sclerosis did not meet or equal listing 11.09 is supported by substantial evidence. (Tr. 19-21).

  Regarding Mr. Wright's second argument that the ALJ erroneously failed to incorporate Dr. Albright's opinion regarding his complete inability to balance into her RFC and the hypothetical posed to the vocational expert ("VE"), Defendant argues that this error was harmless. (ECF No. 20-1 at 12).  For an error to be harmless it must not have prejudiced the claimant. An error prejudices a claimant if, absent the error, there is a realistic possibility the ALJ would have reached a different conclusion. Specifically with respect to an RFC determination or a hypothetical posed to a VE, the failure to include certain limitations is considered harmless as long as the jobs cited by the VE "fit within the actual parameters" of the claimant's RFC.  *Blackstone v. Astrue*, No. CIV. SKG-12-2776, 2014 WL 253538, at *3 (D. Md. Jan. 17, 2014) ("If an ALJ fails to accurately state a claimant's RFC in a hypothetical to a vocational expert, but that failure does not change the outcome of the decision because the vocational expert identifies an occupation that fits within the parameters of the limitation that was omitted, the ALJ's failure amounts to harmless error."); *see also McClellan v. Comm'r Soc. Sec. Admin.*, No. SAG–12–1767, 2013 WL 1703879 at *4 (D. Md. April 18, 2013) (finding that

*James Henry Wright v. Commissioner, Social Security Administration*
Civil No. JMC-13-CV-3839
December 22, 2014
Page 3

any error in failing to include a restriction in a hypothetical that was not required in the DOT job description was harmless).

Here, the VE—after being instructed that Mr. Wright was limited to occasional balancing rather than no balancing—opined that he would be able to perform occupations such as security guard (379.367-010), order clerk (209.567-014), or inspector (669.687-014). (Tr. 25, 52-53). The DOT's description of each of those three jobs are as follows:

> Surveillance-System Monitor
> Monitors premises of public transportation terminals to detect crimes or disturbances, using closed circuit television monitors, and notifies authorities by telephone of need for corrective action: Observes television screens that transmit in sequence views of transportation facility sites. Pushes hold button to maintain surveillance of location where incident is developing, and telephones police or other designated agency to notify authorities of location of disruptive activity. Adjusts monitor controls when required to improve reception, and notifies repair service of equipment malfunctions.
> …
> Balancing: Not Present-Activity or condition does not exist

U.S. Dept. of Labor, Bureau of Statistics, <u>Dictionary of Occupational Titles</u> § 379.367-010 (4th ed. 1991).

> Order Clerk, Food and Beverage
> Takes food and beverage orders over telephone or intercom system and records order on ticket: Records order and time received on ticket to ensure prompt service, using time-stamping device. Suggests menu items, and substitutions for items not available, and answers questions regarding food or service. Distributes order tickets or calls out order to kitchen employees. May collect charge vouchers and cash for service and keep record of transactions. May be designated according to type of order handled as Telephone-Order Clerk, Drive-In (hotel & rest.); Telephone-Order Clerk, Room Service (hotel & rest.).
> …
> Balancing: Not Present-Activity or condition does not exist

*Id.* at § 209.567-014.

> Dowel Inspector
> Inspects dowel pins for flaws, such as square ends, knots, or splits, and discards defective dowels.
> …
> Balancing: Not Present-Activity or condition does not exist

*James Henry Wright v. Commissioner, Social Security Administration*
Civil No. JMC-13-CV-3839
December 22, 2014
Page 4

*Id.* at § 669.687-014.  A review of the above definitions confirms that none of the jobs suggested by the VE would require Mr. Wright to balance.  Accordingly, any error in failing to consider Mr. Wright's complete inability to balance is harmless because there is not a realistic possibility that absent such an error, the ALJ would have reached a different conclusion.

      For the reasons set forth herein, Mr. Wright's Motion for Summary Judgment (ECF No. 18) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 20) is GRANTED.  The clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                              Sincerely yours,

                              /s/

                              J. Mark Coulson
                              United States Magistrate Judge